## Anna V. Cary

### v.

### George Cary.

Statements by a defendant who was subsequently arrested on a *ne exeat*, made to complainant's lawyer, that if suits should be begun against him, and he should be likely to get the worst of it, or if any order should be made against him by any court, his (defendant's) lawyer would find it out beforehand and would let him know, so that he could and would leave the state before they could do anything with him, accompanied by other statements, that complainant and her father were both poor, and that he would law them both to death if they attempted any suits against him, and that he had put all his property out of his hands, but still had the benefit of it, are sufficient, on an application for his discharge, to hold him in custody under the *ne exeat*.

Bill for divorce *a mensa et thoro* and alimony.    Motion to discharge *ne exeat.*

*Mr. B. C. Frost,* for the motion.

*Mr. J. F. Dumont, contra.*

THE CHANCELLOR.

This is an application to discharge the defendant from the custody in which he is held under a writ of *ne exeat* issued in this cause, or, failing that, to reduce the amount of the bail. Bail was ordered in the sum of $1,000. The defendant denies with great particularity and positiveness the charges of cruelty made against him in the bill, and while to a certain extent he is corroborated by his witnesses, the evidence on the other side in support of those charges is overwhelmingly against him.

As to the grounds for the *ne exeat :* While he swears that he never said what is imputed to him in the complainant's affidavit annexed to the bill, and on which the writ was granted, it is proved that he said to the complainant's lawyer before the suit was begun, referring to her complaints against him and her application to the lawyer to take legal proceedings for her relief, that if law-suits should be commenced against him, and he should be likely to get the worst of it, or if any order should

NOTE.—For illustrations of what threats to go abroad, are sufficient ground to issue a *ne exeat,* see *Smithson's Case,* 2 *Vent. 345; Shearman* v. *Shearman, 3 Bro. C. C. 370; Oldham* v. *Oldham, 7 Ves. 410; Etches* v. *Lance, 7 Ves. 417; Jones* v. *Alephsin, 16 Ves. 470; Whitehouse* v. *Partridge, 3 Swanst. 374; Boehm* v. *Wood, Turn. & R. 342; Collinson* v. *Collinson, 18 Ves. 352; Darley* v. *Nicholson, 1 Dr. & War. 66; Baker* v. *Rowan, 2 Stew. & P. 361; Fitzgerald* v. *Gray, 59 Ind. 254; Lyon* v. *Lyon, 21 Conn. 199, note; McGee* v. *McGee, 8 Ga. 295; Bryan* v. *Ponder, 23 Ga. 480; Orme* v. *McPherson, 36 Ga. 571; Malcolm* v. *Andrews, 68 Ill. 100; Jones* v. *Kennicott, 83 Ill. 484; Baily* v. *Baily, 2 Md. Ch. 326; Yule* v. *Yule, 2 Stock 138; Anshutz* v. *Anshutz, 1 C. E. Gr. 162; Denton* v. *Denton, 1 Johns. Ch. 364; Bushnell* v. *Bushnell, 15 Barb. 399; Forrest* v. *Forrest, 10 Barb. 46; Mattocks* v. *Tremain, 3 Johns. Ch. 75; Dunham* v. *Jackson, 1 Paige 629; Drausfield* v. *Drausfield, 6 Phila. 143; Smith* v. *Koontz, 4 Hayw. 189; Lehman* v. *Logan, 7 Ired. Eq. 296; Dean* v. *Smith, 23 Wis. 483; Ramsay* w. *Joyce, 1 McMull. Eq. 247, 253.*—REP.

be made against him by any court, his lawyer would find it out beforehand and would let him know, and then he could and would go out of the state before they could do anything with him, and that they would find that he was a good deal too smart for any of them. The same witness testifies that the defendant said to him that the complainant and her father were both poor, and that he would law them both to death if they attempted any suits against him; that he was ready for them; that he had some time before that put his property out of his hands to prevent his wife from getting any of it, but that he yet had the benefit of it when he wanted it, and that he had credit to the amount of $3,000 that he could use. The witness adds that the defendant then drew from his pocket and showed him a roll of bills, about a dozen, and exhibited one of them so that he might see that it was of the denomination of $100, and remarked that they could not hurt him so long as he had plenty of those, and added that he had and could raise more like that if necessary, and that they could carry him through. There is no ground for granting the motion to discharge him from custody, nor is there any reason for reducing the amount of the bail. The motion is denied, with costs.